CY T. HAINEY, ESQ. (State Bar No.030634)
Attorney/Owner
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax -(602) 466-9631
cy@hilltoplawfirm.com
www.hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Monica Lofton*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Lofton, | Case No.:   CV-23-01414-PHX-ROS |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| Complete Collection Services, Defendant. | **JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, MONICA LOFTON, BY AND THROUGH COUNSEL, CY T. HAINEY, and for her First Amended Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This Court has jurisdiction under the Fair Dent Collections Practices Act ("FDCPA"),  15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

## VENUE

2. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

3. Plaintiff is a natural person residing in City of Buckeye, Maricopa County, Arizona.

4. The Defendant to this lawsuit is:

   a. Credit Collection Services, ("CCS") which is a Massachusetts corporation that conducts business in the state of Arizona.

## GENERAL ALLEGATIONS

5. CCS is attempting to collect consumer type debts allegedly owed to third parties in the amount of $324.00 and $135.00 (the "alleged debts").

6. Plaintiff disputes the alleged debts.

2

7. On May 1, 2023, Plaintiff obtained her Experian, Equifax and Trans Union credit disclosures and noticed CCS reporting the alleged debts as a collection items.

8. On or about May 5, 2023, Plaintiff sent CCS a letter disputing the reporting of the alleged debts as collection items via facsimile.

9. CCS received the Plaintiff's letter on May 5, 2023.

10. On June 14, 2023, Plaintiff obtained her Experian credit disclosure, which showed that CCS last reported the alleged debts as collection items to Experian on June 6, 2023, and failed or refused to flag the alleged debts as disputed, in violation of the FDCPA.

11. On June 16, 2023, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that CCS last reported the alleged debts as collection item to Equifax and Trans Union on June 6, 2023, and failed or refused to flag the alleged debts as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as CCS, communicate electronically with the credit bureaus.

13. CCS had more than ample time to instruct the credit bureaus to flag its collection items as disputed.

14. CCS's inaction to have its collection items on Plaintiff's credit reports fagged as disputed was either negligent or willful.

3

15.  Plaintiff suffered pecuniary and emotional damages as a result of CCS's actions. Because CCS failed or refused to flag its collection items as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs.  Her credit report continues to be damaged due to CCS's failure to properly report the collection items.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, CCS, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. CCS is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. CCS's foregoing acts in attempting to collect the alleged debts violated  the FDCPA at 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

4

21. Plaintiff has suffered harm and damages at the hands of the CCS as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. CCS's failure to flag its collection items as disputed on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored her debts when, in fact, she disputes their validity.  Again, CCS's failure or refusal to flag the collection items as disputed depresses the Plaintiff's credit score.

23. To date, and as a direct and proximate cause of CCS's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

24. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against CCS for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Credit Collection Services:

a. Actual damages;

b. Statutory damages; and

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

c.  Statutory costs and attorneys' fees.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by Jury.

DATED:  September 1, 2023

By: _  /s/   Cy T, Hainey_
Cy T. Hainey
Attorneys for Plaintiff,
Monica Lofton